IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV521-FDW
(3:03-CR-16-FDW-1)

| | |
|---|---|
| MICHAEL TORIANO MORRIS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.     BACKGROUND**

On March 6, 2003, Petitioner pled guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of a cocaine base, in violation of 21 U.S.C. § 846. (Crim. Case No. 3:03-cr-16-FDW, Doc. No. 30: Plea Agreement). Petitioner was sentenced to 360 months' imprisonment, after receiving a sentencing enhancement under 21 U.S.C. § 851. (Id., Doc. No. 116: Judgment).

On September 20, 2005, Petitioner filed a Section 2255 motion to vacate, which this Court denied and dismissed on August 7, 2006. (Crim. Case No. 3:03-cr-16-FDW, Doc. Nos. 123; 130: Civil No. 3:05cv405). On January 30, 2007, in an unpublished opinion, the Fourth Circuit dismissed Petitioner's appeal of the Court's denial of his motion to vacate. United States

1

v. Morris, 215 Fed. App'x 252 (4th Cir. 2007). On August 17, 2012, Petitioner filed the pending Section 2255 motion to vacate.

## II. DISCUSSION

Petitioner filed the instant Motion to Vacate on August 17, 2012, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:03-cr-16. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on September 20, 2005. Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:03-cr-16.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this unauthorized, successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). Accord Everette v. United States, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012) (dismissing a § 2255 motion as a successive petition where the petitioner raised a claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)).

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 4, 2013

Frank D. Whitney
United States District Judge